## The People on the relation of the Superintendent of Public Instruction v. The Auditor General.

*Constitutional law: irrevocable appropriation for educational purposes.* The act of 1857 setting apart seventy-five per cent. of the proceeds of swamp lands for the primary school fund, does not constitute such an appropriation of the lands to educational purposes, as to place them, under section two of article thirteen of the Constitution, beyond legislative control.

It was held, therefore, that the act of 1858, which reduced the proportion thus set apart, was not invalid for this reason; and that the primary school fund was not entitled to claim, under said act of 1857, seventy-five per cent. of the proceeds of lands sold after the act of 1858, or seventy-five per cent. of the value of lands appropriated by subsequent acts to the construction of roads.*]

*Heard July 17th. Decided December 5th.*

Motion for a mandamus. The motion was made for the purpose of settling doubts which existed as to the rights

*In a recent case in Illinois, the Supreme Court of that State passed upon some questions of importance arising under the act of Congress by which the swamp lands were granted to the several states in which they are situate. By the terms of the grant it is made "to enable the State" "to construct the necessary levees and drains to reclaim the swamp and overflowed lands therein;"

of the primary school fund in the proceeds and value of swamp lands donated to the State by act of Congress of September 28, 1850, and those subsequently sold or appropriated for roads under the legislation referred to by the Court.

*T. M. Cooley* for the motion.

*A. Williams, Attorney General,* and *J. W. Longyear* for respondent.

BY THE COURT:

The relator claims that, by an act of 1857, (*Comp. L. p.* 799,) seventy-five per cent of the proceeds of swamp lands was irrevocably devoted to the school fund. The act of 1858 (*S. L.* 1858 *p.* 169) reduced this amount to fifty per cent, and acts have since been passed (*S. L.* 1859, *p.* 310; *S. L.* 1861, *p.* 461) appropriating parcels of land specifically towards roads and other improvements. The relator claims that seventy-five per cent of the proceeds of lands sold since 1858, and seventy-five per cent of the value of the lands so appropriated for improvements, should be paid into the school fund by the State. This claim is made under the clause of the Constitution which provides that "the proceeds from the sales of all lands that have been or hereafter may be granted by the United States to the State for educational purposes, and the proceeds of all lands or other property given by individ-

and "the proceeds of such lands, whether from sale or by direct appropriation in kind, shall be applied exclusively, as far as necessary, to the purpose of reclaiming said lands, by means of the levees and drains aforesaid."

The Supreme Court of Illinois held,

1. That by this act a fee simple estate in the swamp lands passed unequivocally to the State. The State became the absolute owner of the lands, with power to dispose of them in such manner, and for such purposes as to the Legislature might seem most expedient.

2. Even if the grant of the swamp lands to the State had been made upon the trust that the proceeds of the lands should be expended in reclaiming them, such a trust would have been of municipal and not judicial concern, over which the power of the State would have been plenary and exclusive. The Courts have no power to compel the Legislature to execute such a trust. *Supervisors of Whiteside Co. v. Burchell,* 31 *Ill. Rep.*

uals or appropriated by the State for like purposes, shall be and remain a perpetual fund," &c.

These lands were never appropriated by the United States for educational purposes, nor have they been so appropriated by the State. No appropriation attached under the law of 1857 to anything but the proceeds of lands when actually sold; and the State was not thereby precluded from making any provision which might be deemed expedient concerning future sales. We are of opinion that the law of 1858 did not, therefore, impair any constitutional right of the school fund, and that no more than fifty per cent can be claimed on sales since made. We are also of opinion that for lands appropriated without sale there is no claim whatever on behalf of the school fund.

The mandamus must be denied, without costs to either party.

CHRISTIANCY, J. did not hear this case.